**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2797-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHAN MOYA-TINEO,

     Defendant-Appellant.

_____

Submitted January 20, 2021 – Decided March 12, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 08-10-1445.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Alanna M. Jereb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Johan Moya-Tineo appeals from an order denying his petition for post-conviction relief (PCR) following oral argument but without an evidentiary hearing. Defendant contends that his trial counsel was ineffective because he failed to adequately advise him of the immigration consequences of his plea. He also argues that because he did not fully understand the immigration consequences, his plea was not given knowingly and intelligently. We reject these arguments and affirm.

I.

In 2008, defendant was indicted for second and third-degree drug-related charges. On February 18, 2009, defendant pled guilty to third-degree possession of cocaine with the intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a). Before pleading guilty, defendant, with the assistance of counsel, filled out the then-standard plea form, which included two questions concerning defendant's immigration status. First, defendant was asked whether he was a United States citizen, which defendant stated he was not. Second, he was asked whether he was aware that his guilty plea may subject him to deportation, which defendant stated he understood. Defendant spoke Spanish. Accordingly, the plea form he filled out was in Spanish and English and a Spanish interpreter translated the communications

2

between defendant and his counsel. The interpreter also translated everything during the plea hearing.

During the plea hearing, defendant's counsel confirmed with defendant that they had reviewed all the questions on the plea form, defendant supplied the answers, and counsel had accurately recorded defendant's answers on the form. Counsel also confirmed that defendant was satisfied with his legal services.

Defendant was then questioned by Judge Marilyn C. Clark. Judge Clark confirmed with defendant that he understood that by pleading guilty he "could face deportation." Judge Clark also asked defendant whether he understood that the crime he was pleading guilty to "is considered to be extremely serious by the immigration department and [he] may well be deported." Defendant responded yes, he understood that consequence. Finally, after confirming that defendant was a permanent resident, Judge Clark asked whether he understood he "could be deported and, if not, [he] could be turned down for citizenship." Defendant again responded yes; he understood those consequences.

In July 2009, consistent with his plea agreement, defendant was sentenced to two years of probation and all other charges were dismissed. He did not file a direct appeal.

A-2797-18

Almost nine years later, in May 2018, defendant, representing himself, filed a PCR petition. He was assigned counsel and with the assistance of counsel he amended his petition. Judge Clark then heard oral arguments on the petition on January 10, 2019. That same day, she denied the petition, placing her reasons on the record and issuing a memorializing order.

Judge Clark did not find the petition was time-barred because defendant was apparently taken into custody by immigration authorities in 2016. Judge Clark did find, however, that defendant had not established that his counsel was ineffective. She reasoned that defendant had not received affirmative misadvice. She also reasoned that defendant would have accepted the plea even knowing he was subject to deportation because it was a very favorable deal.

## II.

On appeal, defendant argues

> POINT ONE – THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THE PLEA FORM AND THE PLEA TRANSCRIPT ESTABLISHED A PRIMA FACIE CASE THAT TRIAL COUNSEL FAILED TO INFORM DEFENDANT THAT IF HE ENTERED A GUILTY PLEA TO DISTRIBUTION OF CDS HE FACED MANDATORY DEPORTATION[.]
>
> POINT TWO – PLEA COUNSEL FAILED TO TELL DEFENDANT THE TRUTH:     THAT     THE

4

IMMIGRATION CONSEQUENCES OF DEFENDANT'S GUILTY PLEA WAS THAT HE FACED MANDATORY DEPORTATION BECAUSE HE WAS PLEADING GUILTY TO AN AGGRAVATED FELONY UNDER FEDERAL LAW, THUS HE DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL[.]

POINT THREE – AS A RESULT OF THE PLEA COURT ERRONEOUSLY TELLING DEFENDANT HE MAY BE DEPORTED, EVEN THOUGH DEFENDANT FACED MANDATORY DEPORTATION, DEFENDANT DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS RIGHT TO A JURY TRIAL BECAUSE HE LACKED A FULL UNDERSTANDING OF THE CONSEQUENCES OF HIS GUILTY PLEA[.]

Where, as here, the PCR court has not conducted an evidentiary hearing, legal and factual determinations are reviewed de novo. State v. Harris, 181 N.J. 391, 419 (2004). The decision to proceed without an evidentiary hearing is reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v.

A-2797-18

Fritz, 105 N.J. 42, 57-58 (1987).  On petitions brought by a defendant who has entered a guilty plea, a defendant satisfies the first Strickland prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community.  Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010).  Defendant proves the second component of Strickland by establishing "a reasonable probability that" defendant "would not have pled guilty," but for counsel's errors.  State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).

After defendant pled guilty in February 2009, the law governing counsel's obligation to inform a criminal defendant about the potential immigration consequences of a guilty plea evolved.  In 2009, our Supreme Court held that a defendant could show ineffective assistance of counsel by proving that his guilty plea resulted from "inaccurate information from counsel concerning the deportation consequences of his plea."  Nunez-Valdez, 200 N.J. at 143.

In 2010, the United States Supreme Court extended counsel's duty, holding that counsel had an affirmative duty to inform a defendant entering a guilty plea regarding the relevant mandatory removal law if it is "succinct, clear, and explicit[.]"  Padilla, 559 U.S. at 381 (Alito, J., concurring).  Accordingly, in Padilla, the Supreme Court expanded the law to encompass both a duty not to

6

provide misinformation, and a duty to affirmatively explain the potential removal consequences of a criminal guilty plea. Ibid.

In 2013, the Supreme Court clarified that Padilla imposed a new obligation and announced a new rule of law. Chaidez v. United States, 568 U.S. 342, 353-54 (2013). Consequently, the holding in Padilla only applies prospectively, and defendants whose convictions became final prior to the holding in Padilla in 2010 cannot benefit from that holding. Id. at 358; see also Gaitan, 209 N.J. at 373, 375.

Defendant pled guilty and was sentenced in 2009; he did not file a direct appeal. Consequently, defendant's petition must be assessed under the standard announced in Nunez-Valdez, focusing on "whether counsel provided affirmative misadvice regarding the immigration consequences of [his] guilty plea." State v. Santos, 210 N.J. 129, 143 (2012) (citing Gaitan, 209 N.J. at 373-74). Affirmative misadvice evidencing ineffective assistance has been found where counsel explicitly assured a defendant a plea would not have immigration consequences. See Nunez-Valdez, 200 N.J. at 131, 134.

Defendant was not misadvised. Instead, defendant argues that the plea form he executed was akin to misadvice because it stated that he "may be deported" but did not state that he faced mandatory deportation. We have

7

rejected this argument. See Brewster, 429 N.J. Super. at 397. In Brewster, a defendant executed a similar plea form, which asked: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" Id. at 391. We held that question was not tantamount to affirmative misinformation under Nunez-Valdez. Id. at 397. We also held that the plea form was not a misstatement of federal immigration law. Ibid.

In Nunez-Valdez, the Court did not hold that advising a client he may be deported was incorrect or deficient legal advice. 200 N.J. at 139-40. Indeed, the United States Supreme Court in Padilla stated that such advice is sufficient in many cases. 559 U.S. at 369, 374 n.15. Accordingly, defendant cannot show that the advice he received deviated from the "prevailing professional norms" in 2009 for a criminal defense attorney. See id. at 366.

Moreover, the likelihood of actual removal "depends on the enforcement discretion of federal immigration officials." State v. Blake, 444 N.J. Super. 285, 300 (App. Div. 2016) (citing Brewster, 429 N.J. Super. at 396). The federal Department of Homeland Security's enforcement priorities have evolved over the years. Ibid. (citing Dep't of Homeland Sec., Memorandum, Policies for the Apprehension, Detention and Removal of Undocumented Immigrants 3 (2014)). Consequently, neither defense counsel nor a state judge can predict with

complete accuracy whether a defendant will be removed from the United States even if the defendant is pleading guilty to an offense that calls for mandatory removal under federal law. The key point in affirming the denial of defendant's petition, however, is that defendant's plea counsel did not fall below the then-prevailing professional norms.

We also agree with Judge Clark that defendant did not demonstrate that, even if he had been advised that he would be deported, he would have rejected the plea agreement. Defendant was facing four drug-related offenses, including a second-degree crime. If convicted of those crimes, defendant would have been subject to presumptive incarceration for a minimum of five years. See N.J.S.A. 2C:43-6(a)(2). Under his plea agreement, defendant received two years of probation.

We also reject defendant's argument that his guilty plea was deficient because Judge Clark informed defendant that he "may well be deported" rather than would be deported. Read in full context, Judge Clark was clearly advising defendant that there was a very strong likelihood that he would be deported. During his plea, defendant acknowledged that he possessed cocaine with the intent to distribute it within 1,000 feet of school property. Judge Clark confirmed with defendant that his plea was being entered voluntarily, without

threats or promises outside the record, and with an understanding of the nature of the charges and the consequences of the plea. See Blake, 444 N.J. Super. at 297; see also R. 3:9-2. In short, the record establishes that defendant gave a knowing, voluntary, and intelligent guilty plea.

Next, we reject defendant's contention that he was entitled to an evidentiary hearing. A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). The PCR judge should only grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462 (1992). Here, defendant failed to make that showing and he was not entitled to an evidentiary hearing.

Finally, and alternatively, we hold that defendant's petition was time-barred. Although Judge Clark did not rely on this procedural bar, we can affirm on this alternative ground. See State v. Guzman, 313 N.J. Super. 363, 371 n.1 (App. Div. 1998) (recognizing that the defendant's petition for PCR can be procedurally barred as an alternative ground for affirmance).

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's

factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" In addition, "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citation omitted).

Defendant did not establish excusable neglect. He merely represented that he was first detained by federal immigration authorities in 2016. More importantly, as already detailed, there is no reasonable probability that if defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice. Defendant gave a knowing, voluntary,

and intelligent plea with the clear understanding that he probably would be deported.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION